**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 13, 2023

**LETTER TO ALL PARTIES**

RE: *Lori D. v. Commissioner, Social Security Administration*
Civil No. 22-2471-SAG

Dear Plaintiff and Counsel:

On October 13, 2022, Plaintiff, proceeding *pro se*, filed a complaint in this Court against the Social Security Administration ("SSA" or "Defendant") challenging the SSA's denial of benefits. ECF 1. The SSA filed the Notice of Filing of Official Transcript of Proceedings and Schedule on January 26, 2023. ECF 10. Plaintiff's deadline to submit a brief was March 27, 2023, as reflected on the docket entry. *Id.* Counsel for the SSA certified that Plaintiff was mailed a copy of the schedule, including the March 27, 2023, deadline, on February 2, 2023. ECF 12. Magistrate Judge Hurson[1] issued an order on January 27, 2023, directing Plaintiff to file a written response explaining the SSA's error(s) or, "[a]t a minimum," to "indicate that [she] intend[s] to proceed with [her] complaint." ECF 11, at 1. Judge Hurson advised Plaintiff that if she did not do so by March 27, 2023, her complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *Id.* To date, Plaintiff has not filed a brief or otherwise responded to Judge Hurson's Order. Neither has Defendant filed a brief or a motion to dismiss.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Before doing so, however, the Court should consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). "The factors supply a guideline rather than a 'rigid four-prong test.'" *Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at *1 (D. Md. May 4, 2021).

Considering these factors here, dismissal for lack of prosecution is appropriate. Plaintiff, as a *pro se* litigant, is personally responsible for prosecuting her case. Though *pro se* plaintiffs are afforded some leeway, "they as well as other litigants are subject to the time requirements and

---

[1] This case was initially assigned to Magistrate Judge Hurson pursuant to Standing Order 2021-12. ECF 4. Plaintiff was instructed to file a consent or declination to proceed before a U.S. Magistrate Judge by November 14, 2022. *Id.* To date, Plaintiff has failed to file a declination or consent.

*Lori D. v. Commissioner, Social Security Administration*
Civil No. 22-2471-SAG
July 13, 2023
Page 2

respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Additionally, Plaintiff's failure to prosecute her case causes Defendant prejudice. Defendant has no notice of the basis for Plaintiff's appeal, thereby preventing Defendant from mounting a defense. Finally, other sanctions less drastic than dismissal would be of little effect here, as Plaintiff has failed to meet the low bar of giving the Court any "indicat[ion] that [she] intend[s] to proceed with [her] complaint." ECF 11, at 1. Plaintiff was advised of the March 27, 2023, deadline in writing well in advance. Over three months after the deadline and over five months after Judge Hurson's warning that failure to prosecute her case could result in dismissal, Plaintiff has failed to file a brief or otherwise communicate with the Court. Though there is no evidence of a history of dilatory actions by Plaintiff, the other factors counsel in favor of dismissal.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The clerk is directed to mail a copy of this letter to Plaintiff and CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and shall be docketed as such. A separate implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge