**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812<br>MDD_SAGchambers@mdd.uscourts.gov |

April 1, 2024

**LETTER ORDER**

    Re: <u>Lori D. v. Commissioner, Social Security Administration</u>
         Civil Case No. SAG-23-2471

Dear Plaintiff and Counsel:

On October 13, 2022, Plaintiff Lori D. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 10) and the parties' briefs (ECF Nos. 21, 23 & 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 17, 2018, alleging a disability onset of September 1, 2011. Tr. 84-85. Plaintiff's claims were denied initially and on reconsideration. Tr. 79-91. An Administrative Law Judge ("ALJ") attempted to hold four separate hearings, but due to lack of counsel, inquiries into the record, and Plaintiff's health status, the hearings were continued. Tr. 33-52. The ALJ finally held a hearing on October 25, 2021, but unfortunately, the audio recording of that hearing could not be located, therefore a supplemental hearing was held on January 14, 2022. Tr. 22, 53-78. Following the supplemental hearing, on January 27, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 19-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

**II.    THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of September 1, 2011 through her date last insured of December 31, 2014[.]" Tr. 25. At step two, the ALJ found that "[t]here [was] insufficient evidence of medical signs or laboratory findings to substantiate the existence of a medically determinable impairment on or before the date last insured of December 31, 2014." Tr. 25. Therefore, the ALJ concluded that Plaintiff was not disabled from September 1, 2011, through December 31, 2014. Tr. 27.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Because Plaintiff proceeds *pro se*, the Court must "liberally construe" her briefs to "confirm [that] the [SSA] fulfilled [its] obligation to 'scrupulously and conscientiously probe into, inquire of, and explore . . . all the relevant facts' in the record of the unrepresented party." *Dawson v. Astrue*, No. RMG-11-1759, 2013 WL 239130, at *1 (D.S.C. Jan. 22, 2013) (quoting *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980)).

### IV.     ANALYSIS

Plaintiff first argues that her initial filing for DIB under Title II was incorrect, and that she intended to file for Supplemental Security Income ("SSI") under Title XVI. ECF No. 21. Plaintiff, in her brief, asks the Commissioner to re-consider her application under SSI.[2] *Id.* Plaintiff avers

---

[2] Plaintiff has only ever filed for DIB and for a reconsideration under DIB. Tr. 79-91.

that she "furnished medical documentation reflecting [her] legal blindness and other medical issues." *Id.* In Plaintiff's brief she includes (1) documentation from an ambulatory clinic visit from August 25, 2023, after the date of the ALJ's decision; (2) a clinic visit from April 30, 2018, which is included in the transcript submitted by the SSA; and (3) a description of one of Plaintiff's impairments called Keratoconus. ECF No. 21-1, at 2-5. Defendant counters that substantial evidence supports the ALJ's decision because there was insufficient evidence to support a medically determinable impairment prior to the expiration of Plaintiff's date last insured ("DLI"). ECF No. 23, at 5. Plaintiff replies by contending that she received diagnoses during the years of 2008 through 2011 and included documentation from a medical provider, who on December 11, 2023, stated that Plaintiff is "legally blind." ECF Nos. 24, 24-1.

"To establish eligibility for Social Security disability benefits under Title II, a claimant must show that he became disabled before" his DLI. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012); 20 C.F.R. § 404.131(a). "At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement." *Sharon W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2707, 2019 WL 2234499, at *1 (D. Md. May 23, 2019) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment is "severe" if it "significantly limit[s the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); 20 C.F.R. § 404.1520(c); *see also Sharon W.*, 2019 WL 2234499, at *1 (stating that if the claimant has not met their burden of establishing the existence of a severe impairment, the ALJ will find that the claimant is not disabled). An impairment is "not severe" when "medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." *Enoch v. Astrue*, No. TMD 10-0784, 2011 WL 2712553, at *2 (D. Md. July 11, 2011) (citing 20 C.F.R. § 416.921; SSR 85-28, 96-3p, 96-4p). If, however, an ALJ finds any impairment to be severe, "the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work." *Sharon W.*, 2019 WL 2234499, at *1 (citing 20 C.F.R. § 404.1520). Moreover, step two is a "de minimis screening device used to dispose of groundless claims." *See Taylor v. Astrue*, No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (per curiam) (stating that step two "is a threshold question with a de minimis severity requirement.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined in this decision, I find that the ALJ's evaluation of Plaintiff's case is supported by substantial evidence.

Lori D. v. Commissioner, Social Security Administration
Civil Case No. SAG-23-2471
April 1, 2024
Page | 4

     Here, at step two, the ALJ found that Plaintiff had no impairments, severe or otherwise. Tr. 25. In reviewing the record, a few impairments are listed, such as diabetes, keratoconus, and obesity, among others, which Plaintiff did include in her brief. Tr. 696; ECF No. 21. But here, Plaintiff testified that the onsets of each alleged impairment were after the DLI. Tr. 26. The ALJ properly "reviewed the record to see if any evidence after the [DLI] could reasonably be used to fairly infer the existence of an impairment prior to the [DLI]." Tr. 26. If an impairment could fairly be traced back prior to Plaintiff's DLI, then the ALJ can consider that evidence. *See Bird*, 699 F.3d at 340-41 (holding that evidence developed after a claimant's termination of insured status may be relevant to prove disability arising before the DLI if it relates back to the period when the claimant was insured and provides evidence of her impairments at that time). The ALJ found "that not to be the case here." Tr. 26. Additionally, Plaintiff did not cite to or provide any evidence that establishes an impairment during the time period at question.[3] *See generally*, ECF Nos. 10, 21; *see also cf.*, *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005) (remanding when the ALJ failed to evaluate objective evidence that existed before the DLI and determined that the claimant did not have a medically severe impairment at step two).

     An ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record and cannot rely on the evidence submitted . . . [that] is inadequate."). While an ALJ has a duty to develop the record, this duty is not never-ending. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Moreover, "reversal for failure to develop the record is warranted only when such failure is unfair or prejudicial." *Twyford v. Comm'r Soc. Sec.*, 929 F.3d 512, 517 n.3 (8th Cir. 2019). The Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") direct ALJs "to document all attempts to fully and fairly develop the record, the ALJ will explain in the decision any actions taken relating to good cause statements, extensions of the time limit, and non-receipt of evidence."[4] HALLEX I-2-7-20.

     Here, the ALJ attempted to fairly develop the record. He noted that "attempts have been made by [Plaintiff] and [the SSA] to locate records from a physician that Plaintiff saw many years ago whose whereabouts are unknown." Tr. 23. Plaintiff reported that the physician "disappeared."

---

[3] The Court cannot be expected to parse a voluminous record to determine the actual evidence that may support (or undermine) the ALJ's conclusions. *See, e.g.*, *U.S. ex rel. Davis v. Prince*, No. 1:08-cv-1244, 2011 WL 2749188, at *3 (E.D. Va. July 13, 2011) ("It is not the Court's responsibility to undertake the herculean task of reviewing a voluminous record to find evidence to support each party's position."). The Court did in fact did examine the record to establish if objective medical evidence existed. *See* ECF No. 10.

[4] Our sister courts in this circuit have "generally adopted the position that, although HALLEX does not have the force of law, a failure to follow its procedures that results in prejudice to the claimant constitutes reversible error." *Mitchell v. Kijakazi*, No. DCN-20-4316, 2022 WL 5434232, at *4 (D.S.C. June 29, 2022), *report and recommendation adopted*, 2022 WL 4494292 (D.S.C. Sept. 28, 2022).

*Id.* The SSA "[s]taff [had] made attempts to locate [the] records but, Dr. Solomon's ophthalmology office could not find [Plaintiff] in their system." *Id.* Furthermore, the ALJ delayed three separate hearings to allow Plaintiff to obtain additional medical records. Tr. 22. The ALJ noted that this "was discussed on the record with [Plaintiff, and the ALJ] determined [that] the record [was] as complete as reasonably possible and sufficient attempts [had] been made to obtain the records noted." Tr. 23. Because there is lack of sufficient evidence, and because Plaintiff did not properly meet her burden as required, the de minimis threshold has not been met. *See Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005) (stating that a claimant is required to establish that he became disabled prior to his DLI). Thus, the ALJ properly halted at step two, having found no impairments.

Finally, Plaintiff asks that the Commissioner re-evaluate her claim as one for SSI rather than DIB. This Court only has jurisdiction over a final decision by the SSA pursuant to 42 U.S.C. § 405(g). *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (holding that § 405(g) is the only avenue for judicial review and that exhaustion of remedies is a prerequisite to jurisdiction). A requirement for SSI is that a claimant must "file an application for SSI benefits." 20 C.F.R. § 416.202(g); *see also* § 416.920(a)(2). The difference between DIB and SSI is that DIB is payable only if the claimant becomes disabled while in "insured status." *See Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir.1998); *see also* 20 C.F.R. § 404.130 (setting forth methods of determining insured status). SSI is payable regardless of the claimant's insured status so long as a means test is satisfied. *See Splude v. Apfel*, 165 F.3d 85, 89 (1st Cir. 1999). A determination of disability benefits under SSI, unlike DIB, does not depend upon a showing that the disability arose during the insured period, but is instead based in part on a showing that the claimant was disabled and met the financial requirements for SSI. *See* 20 C.F.R. § 416.202. Accordingly, there is no "last date insured" for consideration under SSI. *Whitsett v. Colvin*, No. SKO-10-1070, 2014 WL 806937, at *5 (E.D. Cal. Feb. 28, 2014). Here, in reviewing the record, Plaintiff only filed for DIB. Tr. 79-94. Thus, Plaintiff must file a separate application to be considered for SSI. *See Whitsett*, 2014 WL 806937, at *4-5 (finding that the plaintiff's application for DIB is not also considered an application for SSI and the ALJ did not err when evaluating the claim only under DIB).

V.  **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge